IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CARRIE DYJAK,**

    **Plaintiff,**

**vs.**                                                **CASE NO.:**

**XCELIENCE, LLC d/b/a LONZA PHARM**
**AND BIOTECH,**

    **Defendant.**
_____/

## COMPLAINT

**COMES NOW,** Plaintiff, CARRIE DYJAK, by and through her undersigned counsel, sues the Defendant, XCELIENCE, LLC d/b/a LONZA PHARM AND BIOTECH, a foreign company and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq*.

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3. At all times material herein, Plaintiff, CARRIE DYJAK, was and is resident of Pinellas County, Florida.

4. At all times material herein, Defendant, XCELIENCE, LLC d/b/a LONZA PHARM AND BIOTECH., was and is a foreign company, licensed and authorized to and doing business in Hillsborough County, Florida.

5. Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to bringing this action have occurred.

7. On March 2, 2020, Plaintiff filed a timely Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").  The Right to Sue was issued on August 18, 2020.

8. More than 180 days have passed since the filing of the Charge of Discrimination.

## FACTUAL ALLEGATIONS

9. Plaintiff began her employment on or about October 3, 2012 as a Chemist II.

10. Over the next several years, Plaintiff was transferred/promoted to Chemist III/Senior Scientist.

11. On or about November 2017, Plaintiff became a Contracts Administrator.

12. As a Contracts Administrator and in Plaintiff's prior positions, she received favorable performance reviews and had no disciplinary record with the company.

13. On or about August 29, 2018, Plaintiff began a leave of absence due to a qualifying disability and serious health condition.

14. Plaintiff returned from her medical leave on or about October 3, 2018.

15. During Plaintiff's 2018-year end review, she was for the first time rated as a "needs development" despite the fact that each quarterly review prior to her medical leave was favorable and absent of any indication of her needing development.

16. During the oral administration of Plaintiff's negative year-end review, her manager specifically brought up her medical health issues she encountered during the year but specifically stated that she had seen major improvement since Plaintiff had returned from her surgery which

was inconsistent with her review.

17. The negative performance review resulted in Plaintiff being denied an increase in pay and being placed on a Performance Improvement Plan.

18. On multiple occasions, Plaintiff raised her concerns about the discriminatory review and treatment with representatives of Human Resource.

19. After Plaintiff's complaints and her objectively performing better than her peers during 2019, Plaintiff was terminated on or about July 8, 2019.

## COUNT I
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – DISABILITY DISCRIMINATION

20. Plaintiff realleges and adopts the allegations in paragraphs 1 through 19 as if set out in full hereafter.

21. As described above, Plaintiff has a disability, and/or the Defendant perceived her to have a disability as defined by Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq., Florida Statutes*.

22. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of her disability and/or perceived disability.

23. Plaintiff raised concerns of discrimination against her due to her disability.

24. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

  e. Pecuniary and non-pecuniary losses;

  f. Attorney's fees and costs; and

  g. For any other relief, this Court deems just and equitable.

**WHEREFORE,** Plaintiff, CARRIE DYJAK, demands a trial by trial and a judgment against Defendant, XCELIENCE, LLC d/b/a LONZA PHARM AND BIOTECH, in an amount within the jurisdictional limits of this Court, to wit: More than Thirty Thousand ($30,000.00) Dollars, plus attorney's fees, costs, interest, and for such other relief to which the Plaintiff may be justly entitled.

**COUNT II**
**AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 ("ADAAA")**
**DISABILITY DISCRIMINATION**

25. Plaintiff realleges and adopts the allegations in paragraphs 1 through 19 as if set out in full hereafter.

26. Plaintiff is an individual entitled to protection under the Americans With Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

27. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of her job with Defendant.

28. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of her disability and/or perceived disability.

29. Plaintiff raised concerns of discrimination and retaliation due to her disability.

30. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

      a.      Back pay and benefits;

      b.      Interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

      e.      Pecuniary and non-pecuniary losses;

      f.      Attorney's fees and costs; and

      g.      For any other relief, this Court deems just and equitable.

**WHEREFORE,** Plaintiff, CARRIE DYJAK, demands a trial by trial and a judgment against Defendant, XCELIENCE, LLC d/b/a LONZA PHARM AND BIOTECH, in an amount within the jurisdictional limits of this Court, to wit: More than Thirty Thousand ($30,000.00) Dollars, plus attorney's fees, costs, interest, and for such other relief to which the Plaintiff may be justly entitled.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – RETALIATION

31.    Plaintiff realleges and adopts the allegations in paragraphs 1 through 19 as if set out in full hereafter.

32.    As described above, Plaintiff suffered an adverse employment action (termination) for opposing Defendant's discriminatory treatment of her, which action is unlawful pursuant to Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq., Florida Statutes.*

33.    The above-described acts of retaliation constitute a violation of Florida Statutes Chapter 760 for which Defendant is liable.

34.    As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

      a.      Back pay and benefits;

  b. Interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages;

  e. Pecuniary and non-pecuniary losses;

  f. Costs and attorney's fees;

  g. For any other relief, this Court deems just and equitable.

**WHEREFORE,** Plaintiff, CARRIE DYJAK, demands a trial by trial and a judgment against Defendant, XCELIENCE, LLC d/b/a LONZA PHARM AND BIOTECH, in an amount within the jurisdictional limits of this Court, to wit: More than Thirty Thousand ($30,000.00) Dollars, plus attorney's fees, costs, interest, and for such other relief to which the Plaintiff may be justly entitled.

## COUNT IV
## AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 ("ADAAA") RETALIATION

35. Plaintiff realleges and adopts the allegations in paragraphs 1 through 19 as if set out in full hereafter.

36. Plaintiff suffered an adverse employment action (termination) for opposing an employment practice and for opposing Defendant's discriminatory treatment of her, which action is unlawful pursuant to the ADAAA, 42 U.S.C. § 12112, *et seq.*

37. The above described acts constitute retaliation, in violation of the ADAAA.

38. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

  a. Back pay and benefits;

  b. Interest on back pay and benefits;

  c. Front pay and benefits;

   d. Compensatory damages;

   e. Pecuniary and non-pecuniary losses;

   f. Attorney's fees and costs; and

   g. For any other relief, this Court deems just and equitable.

**WHEREFORE,** Plaintiff, CARRIE DYJAK, demands a trial by trial and a judgment against Defendant, XCELIENCE, LLC d/b/a LONZA PHARM AND BIOTECH, in an amount within the jurisdictional limits of this Court, to wit: More than Thirty Thousand ($30,000.00) Dollars, plus attorney's fees, costs, interest, and for such other relief to which the Plaintiff may be justly entitled.

## COUNT V
## (FAMILY AND MEDICAL LEAVE ACT -- RETALIATION)

39. Plaintiff realleges and adopts the allegations in paragraphs 1 through 19 as if set out in full hereafter.

40. Defendant retaliated against Plaintiff in violation of the FMLA in that Plaintiff's request for time off and utilization of qualified FMLA leave was a substantial or motivating factor that prompted Defendant to not reinstate Plaintiff to her same or similar job position.

41. Defendant's actions constitute a violation of the FMLA.

42. As a result of Defendant's actions, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

   a. Back pay and benefits;

   b. Prejudgment interest on back pay and benefits;

   c. Front pay and benefits;

   d. Liquidated damages;

   e. Attorneys' fees and costs;

      f.      Injunctive relief; and

      g.      For any other relief, this Court deems just and equitable.

**WHEREFORE,** Plaintiff, CARRIE DYJAK, demands a trial by trial and a judgment against Defendant, XCELIENCE, LLC d/b/a LONZA PHARM AND BIOTECH, in an amount within the jurisdictional limits of this Court, to wit: More than Thirty Thousand ($30,000.00) Dollars, plus attorney's fees, costs, interest, and for such other relief to which the Plaintiff may be justly entitled.

### DEMAND FOR JURY TRIAL

43.     Plaintiff, CARRIE DYJAK, demands a trial by jury on all issues so triable.

**DATED** this 3rd day of September 2020.

                                               **FLORIN GRAY BOUZAS OWENS, LLC**

                                               */s/Wolfgang M. Florin*
                                               **WOLFGANG M. FLORIN, ESQUIRE**
                                               Florida Bar No.: 907804
                                               Primary:     wolfgang@fgbolaw.com
                                               Secondary:  debbie@fgbolaw.com
                                               **CHRISTOPHER D. GRAY, ESQUIRE**
                                               Florida Bar No.: 902004
                                             chris@fgbolaw.com
                                             16524 Pointe Village Drive, Suite 100
                                             Lutz, FL 33558
                                             Telephone (727) 254-5255
                                             Facsimile (727) 483-7942
                                             Attorneys for Plaintiff